UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALEVON ANTHONY COLBERT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WASCO STATE PRISON, et al.,<br><br>　　　　Defendants. | Case No.: 1:25-cv-01740-SKO<br><br>**ORDER TO SHOW CAUSE IN WRITING WITHIN 30 DAYS WHY ACTION SHOULD NOT BE DISMISSED FOR A FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES** |

Plaintiff Dalevon Anthony Colbert is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.  INTRODUCTION & DISCUSSION**

Plaintiff filed his complaint on December 4, 2025. (Doc. 1.)  The Court has reviewed Plaintiff's complaint. In Claim I, Plaintiff indicates that there were available administrative remedies at Wasco State Prison where he was previously incarcerated and where his claims arose. (*See* Doc. 1 at 3.) Plaintiff, however, fails to state whether he submitted "a request for administrative relief on Claim I" and whether he appealed any such request to the highest level. (*Id*.) Plaintiff also left blank the section asking for a brief explanation in the event no request or appeal was submitted. (*Id*.) In Claim II, Plaintiff failed to respond to the administrative remedy inquiries in their entirety, and all three boxes and the explanation portion are blank. (*Id*. at 4.)

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with

respect to prison conditions under . . . any other Federal law . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citation omitted). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). In California, state inmate grievances are subject to two levels of review. *See* Cal. Code Regs. tit. 15, §§ 3481(a), 3999.226(a)(1). Prisoners must generally receive a disposition from the second level of review before administrative remedies are deemed exhausted. *See id*. §§ 3483, 3486, 3999.226(g); *but see id*. § 3483(l)(3).

In general, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). Here, it appears Plaintiff may not have exhausted his administrative remedies prior to filing his complaint. Specifically, as set forth above, Plaintiff's responses as to Claim I are incomplete and the required responses for Claim II are missing altogether.

Accordingly, the Court will direct Plaintiff to submit a written filing in which he answers the questions relevant to administrative exhaustion. As to both claims asserted, Plaintiff must state whether he (1) submitted a request for administrative relief (a grievance) and (2) appealed that request to the highest level (an appeal). If, as to either Claim I or Claim II, Plaintiff did not submit or appeal a request for relief at any level, he must briefly explain why he did not do so.

## II.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. **Within 30 days** of the date of service of this order, Plaintiff **SHALL** show cause in

writing why this action should not be dismissed for a failure to exhaust administrative remedies;

2. Plaintiff **SHALL** respond to the following questions regarding *both* Claim I and Claim II:

    a. Did you submit a request for administrative relief?

    b. Did you appeal that request to the highest level?

    c. If you did not submit a request for administrative relief and/or did not appeal that request to the highest level, briefly explain why you did not do so; and

3. In the alternative, Plaintiff may file a notice of voluntary dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated:   **January 9, 2026**                    /s/ *Sheila K. Oberto*
                                                                                     UNITED STATES MAGISTRATE JUDGE