UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALEVON ANTHONY COLBERT, | Case No.: 1:25-cv-01740-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FILED FEBRUARY 20, 2026** |
| v. | (Doc. 11) |
| WASCO STATE PRISON, et al., | |
| Defendants. | |

Plaintiff Dalevon Anthony Colbert is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.      RELEVANT BACKGROUND**

Plaintiff initiated this action by filing a complaint on December 4, 2025. (Doc. 1.) That same date, he filed a motion to proceed *in forma pauperis* (IFP). (Doc. 2.)  On December 11, 2025, the Court granted Plaintiff's motion to proceed IFP. (Doc. 6.)

On February 20, 2026, Plaintiff filed a document titled "Motion to Vacate Judgement of Court-Imposed Costs (Fines and Restitution) Now Unenforceable and Uncollectible Per P.C. § 1465.9 With Exhibits." (Doc. 11.)

**II.      DISCUSSION**

As an initial matter, despite its title, Plaintiff's motion does not seek to vacate a judgment. Plaintiff appears to seek an order vacating this Court's earlier *order* granting him IFP status and

directing the California Department of Corrections and Rehabilitation (CDCR) to collect the $350 filing fee for this action. Title 28 of the United States Code section 1915 applies to this action. It provides, in relevant part:

> (b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1)&(2). Thus, Plaintiff is required to pay "the full amount of" the required filing fee via "monthly payments" collected by CDCR from his inmate trust account until the $350 filing fee is paid.

Second, Plaintiff is advised that California Penal Code section 1465.9 does not apply here. The state statute "provides the balance of any court-imposed costs and civil assessments 'pursuant to' other provisions of the Code are unenforceable and uncollectible," but "[t]his statute has no bearing on whether a federal court may collect the filing fee associated with the filing of a civil complaint." *See Hamilton v. Wong*, No. 2:19-cv-01181-KJM-EFB, 2024 WL 2115921, at *1 (E.D.C. Cal. May 9, 2024).

In sum, Plaintiff's motion will be denied, and he is obligated to pay the filing fee for this action.

//

//

//

//

2

**III.    CONCLUSION AND ORDER**

Accordingly, the Court **HEREBY ORDERS** that Plaintiff's motion filed February 20, 2026 (Doc. 11) is **DENIED**.

IT IS SO ORDERED.

Dated:   __**March 9, 2026**__                    __/s/ *Sheila K. Oberto*__
                                                                     UNITED STATES MAGISTRATE JUDGE